929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William D. DUNNE, Plaintiff-Appellant,
v.
Gary L. HENMAN, Warden, J. Hopkins, Captain and Tracey
Johns, Lieutenant, Defendants-Appellees.
 No. 89-1942.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1991.*
Decided April 1, 1991.
 
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division, No. 88-C-3450, William D. Stiehl, Judge.
 S.D.Ill.
 AFFIRMED.
 Before CUDAHY, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 William Dunne was one of a number of plaintiffs who filed a claim under 42 U.S.C. Sec. 1983 alleging that the refusal of prison officials to accommodate their need for sunscreen violated their eighth amendment rights. The district court denied the motion for a temporary restraining order and preliminary injunction, and Dunne appeals that denial.
 
 
 2
 Dunne alleges that he is a fair-skinned person whose family has a history of sun-induced skin cancer. According to Dunne, prisoners are allowed two hours of outside recreation per week, and prison officials are required to supply prisoners with weather gear sufficient to enable them to take advantage of the outdoor recreational opportunity. Dunne contends that sunscreen is necessary in order for fair-skinned inmates to remain outside for two hours without health risks, either from the risk of cancer or from sunburn. The district court found that plaintiffs did not have a reasonable likelihood of success on the merits because the defendants' conduct did not appear to rise to the level of wanton infliction of pain, as the eighth amendment requires. Moreover, the court held that defendants had a legitimate security interest in refusing to allow plaintiffs to take containers with them outdoors.
 
 
 3
 In reviewing the denial of a motion for a preliminary injunction or TRO, we examine conclusions of law de novo and review factual findings and the weighing of equities for an abuse of discretion. Somerset House, Inc. v. Turnock, 900 F.2d 1012, 1014 (7th Cir.1990). In order to succeed on his motion, Dunne had to demonstrate that: (1) no adequate remedy at law existed; (2) he will suffer irreparable harm if the injunction is not granted; (3) the irreparable harm he would suffer outweighs the harm to respondents if the injunction is granted; (4) he has a reasonable likelihood of prevailing on the merits; and (5) the injunction will not harm the public interest. 900 F.2d at 1014-15. The district court correctly found that Dunne failed to prove a reasonable likelihood of success on the merits.
 
 
 4
 The eighth amendment proscribes unnecessary and wanton infliction of pain, which includes deliberate indifference to the serious medical needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 102-05 (1976). Dunne has not alleged conduct likely to violate that standard. As Dunne acknowledges, inmates could apply sunscreen prior to the outdoor recreation. That ability significantly reduces the danger of any injury. Moreover, prison officials have stated that the sunscreen containers are banned because of the danger that they will be used, among other things, to pass contraband or to make weapons. Safety concerns such as that one have often been considered sufficient under Turner v. Safley, 482 U.S. 78 (1986), to justify prison regulations which impinge on inmates' constitutional rights, and plaintiffs have failed to demonstrate that a different result is likely in this case.
 
 
 5
 For similar reasons, the TRO was properly denied. A TRO also requires a showing of a likelihood of success on the merits, and Dunne has failed to meet that burden in this case. Accordingly, the decision of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record